IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN JENNIFER SCHWARTZBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| THE NEWBERRY LIBRARY, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, SUSAN JENNIFER SCHWARTZBRG, by and through her attorneys, Barry A. Gomberg and Luanne M. Galovich of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendant, THE NEWBERRY LIBRARY, states as follows:

## NATURE OF ACTION

1. This is an action for perceived physical disability discrimination pursuant to the Americans with Disabilities Act, 42 USC 12101, *et seq*.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's disability discrimination/failure to accommodate claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Plaintiff is a resident of Chicago, Illinois, and has resided in Chicago, Illinois and Cook County at all times relevant to this lawsuit.

4. Defendant The Newberry Library is an independent research library doing business in this jurisdiction.

## COUNT I –
## AMERICANS WITH DISABILITIES ACT
### (Discrimination/Failure to Accommodate)

1-4. Plaintiff re-alleges and incorporates as if fully set forth herein paragraphs 1-4 above.

5. Plaintiff brings this cause pursuant to the Americans with Disabilities Act, 42 USC §12101 *et seq*.

6. Plaintiff has filed this cause subsequent to the filing of a Charges of Discrimination based on disability discrimination/failure to accommodate with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), a true and correct copy of which is attached hereto and incorporated herein as Group Exhibit A.

7. Plaintiff filed this cause pursuant to a Right to Sue Letter issued by the EEOC within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

8. Plaintiff, at all times relevant hereto, was regarded and perceived as being disabled by her employer as defined by 42 USC §12102(2).

9. Defendant The Newberry Library, at all times relevant hereto, was an employer as defined by 42 USC §12111(5).

10. Plaintiff is deaf.

11. Plaintiff was hired by Defendant in 1989.

12. Defendant is aware that Plaintiff is deaf.

13. Plaintiff's duties were slowly and systematically taken away from her and her position was marginalized after Paul Saenger was terminated.

14. Since Mr. Saenger's termination, Plaintiff lost part of her job as a Gift Specialist and was repeatedly informed by Mr. Alan Leopold, Head of Collection Services, that she was to have nothing to do with children's literature or any of her former collection department responsibilities which were given to non-disabled employees who had less knowledge and experience in said area.

15. Plaintiff's career development was severely limited throughout her employment due to Defendant's failure to accommodate Plaintiff's disability.

16. Plaintiff requested an accommodation for her disability but Defendant denied Plaintiff's requests. For example, the library never provided to Plaintiff a TTD, Telecommunication Device for the Deaf. Plaintiff had to obtain her own equipment/phone applications such as translation devices that allowed her to communicate more effectively with co-workers and library patrons.

17. Defendant did not accommodate patrons who had disabilities despite Plaintiff's efforts to encourage them to do so.

18. Throughout Plaintiff's employment, she continually advocated to Defendant the need for public accommodations to allow library patrons with disabilities to utilize the same resources as non-disabled patrons but Plaintiff's efforts were not often successful. "Accommodations" included signing and/or subtitles.

19. Defendant made discriminatory comments regarding Plaintiff's disability according to co-workers.

20. In July 2020, Plaintiff was placed on furlough.

21. Plaintiff then learned that she would be permanently removed from her employment after 31 years effective January 4, 2021.

22. Plaintiff was the only permanently disabled employee on the Defendant's staff at the time of her termination by Defendant.

23. Similarly situated individuals who were not permanently disabled and/or who were not perceived as permanently disabled were not terminated by Defendant in January 2021.

24. Plaintiff's work performance was as good, if not better, than non-disabled employees of Defendant.

25. Defendant's reasons for terminating Plaintiff were pretextual because Plaintiff has longer tenure and more experience than many of the individuals not terminated by Defendant.

26. In direct violation of the Americans with Disabilities Act, 42 USC §12101 *et seq.*, Defendant, by its agents and employees, engaged in the discriminatory acts described above and in the Charge of Discrimination, attached hereto as Exhibit A and incorporated herein by reference.

27. As a result of Defendant's discriminatory conduct as aforesaid, Plaintiff has suffered injury to her career as well as emotional pain suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 USC §1981a.

28. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or reckless indifference to Plaintiff's civil rights.

WHEREFORE, Plaintiff SUSAN JENNIFER SCHWARTZBERG prays for judgment against Defendant The Newberry Library as follows:

A. For an award of lost wages in an amount to be determined at the time of trial;

B. For reinstatement to her former position, or in the alternative, for front pay;

C. For an award of compensatory damages for Plaintiff's injury to her career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and

      other non-pecuniary damages and fringe benefits;

D. Punitive damages;

E. For attorney's fees and costs of this suit; and

F. For such other and further relief as is just and equitable.

                                        Respectfully submitted,

                                        SUSAN JENNIFER SCHWARTZBRG

                                        By: s/Barry A. Gomberg
                                                  Attorney for Plaintiff

Barry A. Gomberg
Luanne M. Galovich
Barry A. Gomberg & Associates, Ltd.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois. 60604
(312) 922-0550
gomberglaw@aol.com